**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **VIVIAN HANDY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO.:** |
| | * | **07 cv 376-MHT** |
| | * | |
| **DEPARTMENT OF REHABILITATION** | * | |
| **SERVICES,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, MOTION
FOR A MORE DEFINITE STATEMENT**

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil

Procedure, Defendants move this Court for an Order dismissing the

Plaintiff's complaint for failure to state a claim, or alternatively requiring

the Plaintiff to provide a more definite statement.

**PROCEDURAL BACKGROUND AND PLAINTIFF'S COMPLAINT**

On June 26, 1996, Plaintiff Vivian Handy filed a Motion to

Intervene in the *Crum et al., v. State of Alabama, et al.,* CV 94-T-356-N.

The intervention request was granted on May 2, 2007, and this case was

subsequently converted into a separate lawsuit.  [Doc. No. 787 of the

*Crum* case].

Plaintiff's brings suit under Title VII and 42 U.S.C. §§ 1981 and

1983 relying solely on the following general allegations:

1. "The defendants have discriminated against the plaintiff-
   intervenor and the class she seeks to represent on the basis

1

of race in hiring, rehiring, evaluations, compensation, transfers, job duty assignments, recruitment, screening, selection procedures, denial of promotions, discipline, demotions, rollbacks, sick leave, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class." (Complaint in Intervention, ¶ 12)

2.  "Plaintiff-intervenor, Vivian Handy, has been employed by the defendants, the State of Alabama, for over ten years and is currently holding the position of Personnel Assistant I within the State Personnel Department. Since 1995, Handy has continuously sought a promotion to the position Personnel Assistant II and Personnel Assistant III." (Complaint in Intervention, ¶ 13)

3.  "The State of Alabama, the State of Alabama Personnel Board, State of Alabama Personnel Department, Haylcon Vance Ballard, and the Department of Rehabilitation Services discriminated against plaintiff and other blacks as a class in the formation and implementation of the register for the position of Personnel Assistant III and Personnel Assistant II, as well as other positions which plaintiff has applied or wanted to apply." (Complaint in Intervention, ¶ 14)

4.  "This systemic discrimination further adversely affects plaintiff's status as an employee and other black employees by promoting and reinforcing racial stereotypes and bias in hiring, promotions, training, transfers, job assignments, job classifications, discipline, demotions, job assignments, evaluations, supervision, training, compensation, benefits, and other terms and conditions and privileges of her employment in her current position of Personnel Assistant I. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions than are received by white Personnel Assistant I's. This discriminatory practice will inevitably prevent the plaintiff from achieving her career goal to become employed as a Personal Analyst III (10843) or a Department Personnel Manager III (10853)." (Complaint in Intervention, ¶ 15)

These laundry lists of allegations are made without any facts to support the broad, vague and legally conclusory claims. On its face, Plaintiff's complaint does not meet the requirements under *Bell Atlantic Corp. v Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) of stating a claim for which relief can be granted and therefore is due to be dismissed. Alternatively, the Court should require the Plaintiff to make a more definite statement as the allegations are so vague and ambiguous that the Defendants cannot reasonably be required to frame a proper responsive pleading.

## ARGUMENT AND CITATION OF AUTHORITY

A. <u>Plaintiff's Complaint Fails to State a Claim Against the Defendants</u>

Until the recent Supreme Court decision in *Bell Atlantic Corp. v Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), this Court was bound by the rule set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Finding that this formulation has "earned its retirement," the Court in *Twombly* held that a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible," *Id.* at 1974.

In this complaint, not only are no factual grounds alleged which would "raise a right to relief above the speculative level," but the Plaintiff does not even deign to provide the Defendants or this Court with a recitation of the elements of a cause of action. Apparently, that task is left to the Defendants and the Court to decipher. When these events allegedly occurred remains a mystery; no defendant is identified for any particular allegation; no facts are submitted to support any claim; no allegation of intent to discriminate is made; nor is there an allegation that a person outside the protected class received the promotion sought by the Plaintiff. In short, this is nothing more than a shotgun complaint which cannot withstand a Motion to Dismiss and this Complaint is due to be dismissed. *See also Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.")

B.  Alternatively, the Plaintiff Should be Required to Provide a
    More Definite Statement

Assuming, arguendo, that the Court does not dismiss this Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants request that this Court enter an Order requiring the Plaintiff to provide a more definite statement as to the claims against the Defendants. Rule 12(e) of the Fed. R. Civ. P. provides that a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a proper responsive pleading." The Complaint in this case is so vague that it is all but impossible to respond to it in any meaningful manner.

Because "shotgun pleadings," as in this case, present an unfair burden on the Court and Defendants, the Plaintiff should be required to provide a more definite statement. As recognized by the Eleventh Circuit:

> Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint is not expected to frame a responsive pleading. Rather the defendant is expected to move the court, pursuant to Rule 12(e) to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with shotgun pleading out of the way, the trial judge will be relieved of the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses. Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the

litigants suffer and society loses confidence in the
court's ability to administer justice.

*Anderson v. Dist. Bd. of Trustees of Central Florida
Community College*, 77 F.3d 362, 366-67 (11th Cir. 1996)
(footnotes and citations omitted)

Repeatedly emphasized by the Eleventh Circuit Court of Appeals is
the judicial, administrative, and societal costs imposed by broad and
vague complaints. *See, e.g., Chapman v. Al Transport* 229 F.3d 1012,
1027 (11th Cir. 2000) (describing shotgun pleading as a "serious" and
"ubiquitous problem," the "evils" of which require a district court to
exercise a "firm hand" in dismissing non-meritorious claims). *Byrne v.
Nezhat*, 261 F.3d 1075, 1128-134 (11th Cir 2001) (holding that, if a
defendant does not move for a more definite statement, the trial court
"must intervene *sua sponte* and order a repleader"); *Sikes v. Teleline, Inc.,
281 F.3d 1350, 1355 n. 9 (11th Cir.2002)* ("[P]laintiffs' complaint is yet
another example of what we have often criticized as 'shotgun pleadings,'
where each count 'incorporates' all of the preceding paragraphs and
counts. We have harshly criticized such shotgun pleadings in the past, and
we repeat our displeasure with this type of complaint now."); *Beckwith v.
Bellsouth Telecomms., Inc., 146 Fed. Appx. 368, 373 (11th Cir. Aug. 22,
2005)* (categorizing complaint as a "shotgun" pleading because "[o]nly a
few of [plaintiff's] claims were specific as to any defendant, and the
relevant facts were not segregated to each of their respective claims,"
making it "virtually impossible to ascertain which factual allegations
correspond with each claim").

Plaintiff's Complaint does not even contain "counts," much less separate counts with specific facts outlining the claims.  Even a creative reading of the  general allegations set forth *supra* does not disclose any facts supporting Plaintiff's claim of racial discrimination   Instead, there is simply laundry lists of every conceivable job related activity: "hiring, rehiring, evaluations, compensation, transfers, job duty assignments, recruitment, screening, selection procedures, denial of promotions, discipline, demotions, rollbacks, sick leave, subjective decision-making practices, and other terms and conditions of employment. . . ." (Complaint in Intervention, ¶ 12).

Plaintiff does not provide relevant information such as when a particular promotion was sought much less the identity of which defendant is allegedly responsible for the denial of the promotion.  Nor is there any identification of the racially discriminatory job assignments; how the Plaintiff's compensation is discriminatory; nor what disciplinary action suffered by the Plaintiff is alleged to be discriminatory.  Moreover, Plaintiff does not even distinguish the claims among the various Defendants, nor is there any indication as whether the allegations are in support of her Title VII, 42 U.S.C. § 1981 or § 1983 claim.  In short, this is nothing more than a shotgun pleading with unsupported conclusions of law or mixed fact and law.   Specifically, Defendants request that Plaintiff be required to set forth each legal claim in a separate count pursuant to

Rule 10(b) of the Fed.R.Civ.P. and to identify which facts support each separate claim and against which defendants they are alleged.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court dismiss the Plaintiff's complaint against the Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants respectfully request that the Court require the Plaintiff to provide a more definite statement as to her alleged claims against the Defendants as provided for in Rule 12(e) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**/s/ Stephen K. Simpson**
Stephen K. Simpson (SIM027)
Alabama Dept. of Rehabilitation Services
Legal Office
2129 E. South Blvd.
Montgomery, AL  36116
Telephone:  (334) 613-3453
Fax:  (334) 613-2239
E-mail:  steve.simpson@rehab.alabama.gov

**Attorney for Defendant Alabama**
**Department of Rehabilitation Services**

**/s/ Alice Ann Byrne**
Alice Ann Byrne (BYR 015)
State Personnel Department
Legal Division
64 North Union Street – Suite 316
Folsom Administrative Building
Montgomery, Alabama 36130
Telephone:  (334) 242-3450
Fax:  (334) 353-4481

E-mail: aliceann.byrne@personnel. alabama.gov

**Attorney for Defendants State Personnel Department, State Personnel Board, and Jackie Graham, Director of State Personnel Department**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2007, the foregoing document was filed electronically with the Clerk of the Court via the CM/ECF system which will send notice of electronic filing to the following:

Russell W. Adams, Esq.
Rocco Calamusa, Jr., Esq.
Wiggins Childs Quinn & Pantazis, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203-3204

**/s/ Stephen K. Simpson**
Stephen K. Simpson (SIM027)
Alabama Department of Rehabilitation Services
Legal Office
2129 E. South Blvd.
Montgomery, AL  36116
Telephone:  (334) 613-3453
Fax:  (334) 613-2239
E-mail:  steve.simpson@rehab.alabama.gov